Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5677 | **DATE** | 10/16/2001 |
| **CASE TITLE** | EVERREE VALENTINE vs. ECC MANAGEMENT SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 10/30/01 at 9:30 a.m. Enter Memorandum Opinion And Order. The Plaintiff's motion for class certification is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 17 2001 date docketed | 7 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 OCT 16 PM 5:57 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



**DOCKETED**

**OCT 1 7 2001**

| | |
|---|---|
| EVERREE VALENTINE, | ) |
| Plaintiff, | ) |
| v. | ) No. 01 C 5677 |
| ECC MANAGEMENT SERVICES, INC., | ) Judge John W. Darrah |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Everree Valentine (Valentine), brought this action against defendant, ECC Management Services, Inc. (ECC), for an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA). Presently before the Court is plaintiff's Motion for Class Certification.

Plaintiff alleges that ECC, a collection agency, mailed Valentine a standard form collection letter regarding an alleged debt. Valentine alleges that the letter failed to comply with 15 U.S.C. § 1692g because the letter states that the amount of the debt is $1,327.26 but also includes a statement that the amount shown ($1,327.26) may not include interest or default charges that are being added to her account by ECC's client (Exhibit A of plaintiff's Motion for Class Certification).

Plaintiff seeks class certification under Federal Rule of Civil Procedure 23(b)(3) of:

> All individuals with Illinois addresses who were mailed by ECC
> Management Services, Inc. a collection letter in the form printed by
> Exhibit A on or after August 1, 2001, that was not returned as
> undeliverable by the Postal Service.

Allegations made in support of class certification are considered true (*Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993)); and, as a general matter, this Court does not examine the merits of the case (*Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993)). However, a court "may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N.D. Ill 1998), citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996).

ECC did not file a response to Valentine's Motion for Class Certification. While ECC's lack of response may be interpreted as acquiescence of Valentine's allegations made in the motion for class certification, Valentine still bears the burden of establishing that class certification is proper. *See Trull v. Plaza Assoc.*, 1998 WL 578173 (N.D. Ill. Sept. 3, 1998).

To receive class certification, Valentine must satisfy all four elements of Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Valentine must also satisfy at least one of the three provisions under Rule 23(b).

Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiff need not demonstrate the exact number of class members so long as a conclusion is apparent from good-faith estimates (*Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997)), and the court is entitled to make "common sense assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984)).

Valentine argues that she has satisfied the numerosity requirement because it is

2

reasonable to infer that the number of class members is too great for joinder because ECC is a large collection agency that would send this form letter to all of its debtors on behalf of ECC's clients. ECC does not dispute this allegation. Accordingly, the numerosity requirement is satisfied. *See Daley v. Provena Hospitals*, 193 F.R.D. 526, 528 (N.D.Ill. 2000) (finding numerosity requirement satisfied based on form letter and defendant's lack of dispute to numerosity requirement).

Commonality and Typicality

Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Rosario*, F.2d at 1017.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it arises from the same event or practice or course of action that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018.

Here, Valentine alleges that ECC sent a form letter to debtors that violated Section 1962g of the FDCPA because the form letter did not definitely state the amount claimed to be due as of the date of the letter. All of the proposed class members were allegedly sent the same form letter by ECC that contained language that violated the FDCPA. Therefore, the central question of law is whether that letter violated the FDCPA. The question refers to standardized conduct on the

3

part of ECC toward members of the class, representing a common nucleus of operative facts that is based on the same legal theory. Accordingly, Valentine has satisfied both the commonality and typicality requirements. *See Keele v.* Wexler, 149 F.3d 589, 594 (7th Cir. 1998) ("Common nuclei of fact are typically manifest where ... the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents."); *Clark v. Retrieval Masters Creditors Bureau, Inc.*, 185 F.R.D. 247, 248 (N.D.Ill. 1999) (*Clark*).

Adequacy of Representation

The class representatives must "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). In determining adequacy of class representation, the court considers whether (1) any conflicts of interest exist between the named plaintiffs and the class members and (2) the named plaintiffs' counsel will adequately protect the interests of the class. *Gaspar*, 167 F.R.D. at 58.

Defendant does not argue that plaintiff would not provide adequate class representation, and the Court cannot identify any conflicts between plaintiff and the class members or an inadequacy in plaintiff's counsel's ability to protect the interests of the class.

Rule 23(b)(3)

Plaintiff seeks class certification under Rule 23(b)(3). Rule 23(b)(3) provides that a class action may be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

As discussed above, the questions of law and fact to the members of the class, as defined by Valentine, are similar to all of the proposed class members and would predominate over questions affecting individual class members. Furthermore, a class action is superior to the available methods for the fair and efficient adjudication of this controversy. Accordingly, the Court finds that the requirements of Rule 23(b)(3) are met. IT IS THEREFORE ORDERED:

A. The Plaintiff's Motion for Class Certification is granted.

B. The certified class shall be defined as:

> All individuals with Illinois addresses who were mailed by ECC Management Services, Inc. a collection letter in the form printed by Exhibit A on or after August 1, 2001, that was not returned as undeliverable by the Postal Service.

Dated: October 16, 2001

JOHN W. DARRAH
United States District Judge